# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MIKEQUALE MILLER,** *et al.*,

    **Plaintiffs,**

    v.                                     Civil Action 2:19-cv-2083
                                          Judge George C. Smith
**PEP BOYS – MANNY,**                   Magistrate Judge Chelsey M. Vascura
**MOE & JACK,** *et al.*,

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiffs, Mikequalue Miller and eleven other members of his family, bring this state-law personal injury/products liability case seeking damages arising from an accident that occurred in 2007. This Court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and all Plaintiffs are citizens of different states than Defendants. This matter is before the Court for consideration of Plaintiff Mikequalue Miller's Motion for Leave to Proceed *In Forma Pauperis*, which is **GRANTED**. (ECF No. 1.) Accordingly, with respect to Plaintiff Mikequalue Miller, it is **ORDERED** that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is also before the Court for the initial screen of Plaintiffs' Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow,

it is **RECOMMENDED** that the Court **DISMISS** this action for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1], which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*    \*    \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under

---

[1]Formerly 28 U.S.C. § 1915(d).

Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**II.**

According to the Complaint, in 2007, Plaintiff Mikequalue Miller purchased a mini off-road Baja Go Kart from Defendant Pep Boys Manny, Moe, and Jack ("Pep Boys"). In connection with his purchase of the Baja Go Kart, Plaintiff Mikequalue Miller also purchased a "prepping service" from Pep Boys for approximately $30, which obligated Pep Boys to inspect various aspects of the Baja Go Kart. Following the completion of this prepping service, the Pep Boys' manager encouraged either Plaintiff Mikequalue Miller or another named Plaintiff to test drive the Baja Go Kart in the Pep Boys' parking lot. The Pep Boys' manager failed to advise the test-driving Plaintiff to wear a helmet or use a safety belt. An accident occurred during the test drive in which the Baja Go Kart flipped and landed on top of one of the Plaintiffs, resulting in permanent damage to that Plaintiff's jaw, head, teeth, and collar bone. Plaintiffs allege that the accident occurred because the vehicle was never assembled correctly and because Pep Boys failed to discover this during their inspection and further failed to provide sufficient safety training to Plaintiffs. The individual who suffered these injuries and eleven of his family members filed the instant action and seek $12 million from Defendant Pep Boys and three other defendants who Plaintiffs allege were responsible for manufacturing or assembling the at-issue Baja Go Kart.

**III.**

The undersigned finds that dismissal under § 1915(e)(2) is required because Plaintiffs' claims against Defendants are barred by the operative statutes of limitations.

Ohio applies a two-year statute of limitations for personal injury claims, as well as products-liability cases arising under the Ohio Product Liability Act, and a four-year statute of limitations for tort claims arising out of damages to real property. Ohio Rev. Code §§ 2305.09(D); 2305.10; *Gates v. Precision Post Co.*, 74 Ohio St.3d 439 (1996); *Doty v. Fellhauer*

*Elec., Inc*., 175 Ohio App. 3d 681, 681, 687 (2008). The cause of action accrues and the statute of limitations period begins to run when the injury or loss occurs. Ohio Rev. Code. §2305.10(A).

Applied here, the accident and injuries about which Plaintiffs complain occurred in 2007, and thus, cannot form the basis for a timely personal-injury or products-liability claim. It is therefore **RECOMMENDED** that Plaintiffs' Complaint be **DISMISSED** pursuant to § 1915(e)(2).

## IV.

Plaintiff Mikequalue Miller's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**.[1] For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiffs' claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

---

[1] The undersigned notes that only Plaintiff Mikequalue Miller moved for *in form pauperis* status. Thus, should the Court decline to adopt the Report and Recommendation and allow this action to proceed, the remaining Plaintiffs would need to either pay the filing fee or file an application seeking *in forma pauperis* status.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE