# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MIKEQUALE MILLER,** *et al.*, | : |
| **Plaintiffs,** | : |
| | : Case No. 2:19-cv-2083 |
| | : |
| | : **JUDGE SARAH MORRISON** |
| vs. | : |
| | : Magistrate Judge Vascura |
| | : |
| **PEP BOYS – MANNY, MOE & JACK,** *et al.*, | : |
| | : |
| **Defendants.** | : |

## OPINION & ORDER

*Pro se* Plaintiff Mikequale Miller's "Petition to keep Defendant PEP BOYS under Jurisdiction" (ECF No. 61) and Defendant The Pep Boys – Manny, Moe & Jack of Delaware, Inc.'s ("Pep Boys") Memorandum in Opposition thereto (ECF No. 62) are now before the Court.

*Pro se* filings enjoy liberal construction. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Utilizing that directive yields a motion asking the Court to do two things. First, maintain jurisdiction over Pep Boys. Second, apply Pennsylvania law to any damages analysis. (ECF No. 61 at 1.)

As to the former, the Court previously denied Pep Boys' Motion to Dismiss in part such that Mr. Miller's claims against Pep Boys for products liability and negligence remain pending. (ECF No. 58 at 12). Thus, the Court exercises jurisdiction over Pep Boys as to those claims and this portion of the motion is **MOOT**.

Turning to the later ask, the issue of liability is not before the Court. Without liability, damages are not available. Thus, the question presented is not ripe. "Ripeness is a question of

1

timing . . . [which] dictates that courts should decide only existing, substantial controversies, not hypothetical questions or possibilities. . . . Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all." *City Communications, Inc. v. City of Detroit*, 888 F.2d 1081, 1089 (6th Cir. 1989) (citations omitted). If a claim or issue presented to the Court is not ripe, the Court lacks the authority to review it, because the Court cannot issue advisory opinions. *See Arnett v. Myers*, 281 F.3d 552, 562 (6th Cir. 2002). The Court therefore holds the section of the motion asking the Court to apply Pennsylvania law to any damage analysis is **DENIED** without prejudice.

Pursuant to the above analysis, Mr. Miller's "Petition to keep Defendant PEP BOYS under Jurisdiction" (ECF No. 61) is **MOOT** in part and **DENIED** without prejudice as to the remainder.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**