IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MIKEQUALE MILLER, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:19-cv-2083 |
| | : | |
| | : | JUDGE SARAH MORRISON |
| vs. | : | |
| | : | Magistrate Judge Vascura |
| | : | |
| PEP BOYS – MANNY, MOE & JACK, et al., | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

OPINION & ORDER

*Pro se* Plaintiff Mikequale Miller has three remaining claims against Defendant The Pep Boys – Manny, Moe and Jack of Delaware, Inc. ("Delaware") for products liability and negligence. Delaware moves for full summary judgment (No. 83), Mr. Miller opposes (No. 85), Delaware replied (No. 86), and Mr. Miller sur-replied (Nos. 87, 88) without leave. After due deliberation, the Court **GRANTS** Delaware's Motion.

I.  BACKGROUND

The Court previously summarized Mr. Miller's allegations as follows:

Plaintiff alleges that on May 23, 2007, he was 8 years old and his father, Demetrais Miller purchased him a Baja go kart from Pep Boys, as well as the Pep Boys' $29.99 prepping fee that "would check all aspects of the vehicle including oil, gas, exhaust system, undercarriage, safety belt, rollbars and tires". [sic] (Doc. 2, Compl. at 8). Plaintiff Mikequale and his family left the Pep Boys store for a few

1

> hours so that Pep Boys could perform the assembly and prep work. When Mikequale and his father returned to the Pep Boys store to test drive the go-kart, the Pep Boys manager directed them to the garage bay on the side of the building. The "manager instructed Plaintiff on how to pull the string to start the vehicle," then asked Plaintiff to step into the vehicle and showed him the pedals. The manager then "told plaintiff to press on the gas to get a feel for the vehicle in the parking lot." (*Id.*). Plaintiff took the go-kart on a test drive. He "tried to stop the vehicle but it slid into the Pep Boys parking lot divider resulting in plaintiff being flipped out of the Baja vehicle & vehicle landing on top of him. Plaintiff was knocked unconscious immediately." (*Id.*). Plaintiff was transported to the hospital. He asserts that he sustained permanent damage to his jaw, head, teeth, and collar bone. Plaintiff also suffers from PTSD. (*Id.* at 4–5).

(No. 58, PageID 274.) After the accident, Mr. Miller alleges Delaware's manager discovered that the go-kart's tires were improperly inflated. (No. 2, at 8.)

After several rulings, only Mr. Miller's claims against Delaware for products liability and negligence remain. (Nos. 7, 54, 58.) As to products liability, Mr. Miller states a claim for Delaware's alleged failure to instruct as to operation of the go kart and what surface it should be operated on and for Delaware's representation that the go-kart would be safe to use at the time it left Delaware's control. (No. 58, PageID 281.) Regarding negligence, Mr. Miller states a claim for Delaware's alleged improper maintenance of the go-kart and instructions and supervision of Mr. Miller's test drive of the go-kart. *Id.* Delaware seeks full summary judgment on all claims. (No. 83.)

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, summary judgment is proper if the evidentiary materials in the record show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

2

Civ. P. 56(a); *see Longaberger Co. v. Kolt*, 586 F.3d 459, 465 (6th Cir. 2009). The moving party bears the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case on which it would bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir. 2005).

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also Longaberger*, 586 F.3d at 465. "Only disputed material facts, those 'that might affect the outcome of the suit under the governing law,' will preclude summary judgment." *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008) (quoting *Anderson*, 477 U.S. at 248). Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).

A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. *Daugherty*, 544 F.3d at 702; *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994). Rather, in reviewing a motion for summary judgment, a court must determine whether "the evidence presents a

3

sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).

**III.  ANALYSIS**

Because this action proceeds under diversity jurisdiction, state law governs the substantive issues. *Issuer Advisory Grp. LLC v. Tech. Consumer Prods.*, No. 5:14CV1705, 2015 U.S. Dist. LEXIS 12719, at *7 (N.D. Ohio Feb. 3, 2015) (citing *Gass v. Marriott Hotel Servs., Inc.*, 558 F.3d 419, 425-26 (6th Cir. 2009)). To prove his products liability and negligence counts under Ohio law, Mr. Miller must establish that Delaware's alleged actions and omissions proximately caused his injuries. *Kurczi v. Eli Lilly & Co.*, 113 F.3d 1426, 1432 (6th Cir. 1997) (products liability); *Wallace v. Ohio Dep't of Com.*, 96 Ohio St. 3d 266, 2002- Ohio 4210, 773 N.E.2d 1018, 1025-26 (Ohio 2002) (negligence). *See also* Ohio Rev. Code § § 2307.78(A)(1) and (2).  Causation is thus an essential element of all of Mr. Miller's claims.

4

On this point, Delaware cites to Mr. Miller's deposition testimony wherein he admits he does not know what caused the accident. (No. 83, PageID 343) (citing Miller Depo., No. 84-1, PageID 422-23, 426, 432.) Mr. Miller testified he does not know if anything Delaware told him, or failed to tell him, caused the accident.(No. 84-1, PageID 432.) Neither Mr. Miller's opposition nor his sur-replies present any evidence on causation.

Delaware further highlights Mr. Miller's lack of expert testimony on the topic. "[T]he issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of medical witnesses competent to express such opinion." *Darnell v. Eastman*, 23 Ohio St. 2d 13, 17, 261 N.E.2d 114, 116 (1970).

Mr. Miller fails to sustain his Rule 56 burden. Delaware's motion for judgment is **GRANTED**. (No. 83.)

IV. **CONCLUSION**

Delaware's Motion for Summary Judgment is **GRANTED**. (No. 83.)

The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED**.

                                                s/ Sarah D. Morrison
                                                **SARAH D. MORRISON**
                                                **UNITED STATES DISTRICT JUDGE**